IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00847-WJM-MJW

HEATHER LUCIER,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC., and
MIDLAND FUNDING, LLC,

Defendants.

# ORDER
## on

## PLAINTIFF'S MOTION TO AMEND COMPLAINT
### (Docket No. 38)

**Michael J. Watanabe**
**United States Magistrate Judge**

After parting ways with her attorney and repudiating a settlement agreement that attorney had entered into with Defendants, Plaintiff now moves for leave to amend her Complaint to add claims previously rejected by that attorney. (Docket Nos. 38 & 44.) The Motion was referred to the undersigned by U.S. District Judge William J. Martinez. (Docket No. 40.) Defendants filed an objection. (Docket No. 45.) The period for filing a reply under Local Civil Rule 7.1(d) and Federal Rule of Civil Procedure 6(d) expired on December 15, 2014, and Plaintiff has not filed any reply.

The Court has carefully reviewed these materials, taken judicial notice of the court's file, and considered the applicable Federal Rules of Civil Procedure and case law. The Court now being fully informed makes the following findings of fact, conclusions of law, and order granting Plaintiff's motion.

## **Background**

The original Scheduling Order set a June 30, 2014, deadline for amending pleadings. (Docket No. 13.) That Scheduling Order was effectively terminated upon notice of a since-rejected settlement agreement; a new Scheduling Order was entered in November, setting a November 30, 2014, deadline for amending pleadings. (Docket No. 43.) Plaintiff's motion had already been filed at that point. The Scheduling Order also set a discovery deadline for December 15, 2014, which has since been extended to January 16, 2014. (Docket Nos. 43, 48.)

Plaintiff's original Complaint alleged that Defendants wrongfully filed suit against Plaintiff in state court for a credit card debt that was uncollectible because Plaintiff's only income is from exempt disability benefits. The Complaint includes one count based on the federal Fair Debt Collection Practices Act and one count for the state-law tort of Abuse of Process. (Docket No. 1.) Plaintiff's proposed Amended Complaint adds certain factual details (the most substantial of which are at Docket No. 44, ¶¶ 13, 15 (last sentence), 27, 30, and 40–46). All of the additional facts relate to (1) Plaintiff's efforts to notify Defendants of her non-collectability, (2) Plaintiff's efforts to dispute the debt, and (3) consequential damages.

Plaintiff's proposed Amended Complaint also adds two new claims. The first is a count under the federal Fair Credit Reporting Act. (*Id.* ¶¶ 61–69.) The only additional fact used in pleading this claim is that Plaintiff disputed the debt at issue with the Experian credit bureau. (*Id.* ¶¶ 40, 65.) The second is a count for state-law negligence resulting in economic and noneconomic damages. No additional facts are used in

pleading this claim, although presumably the new facts as to damages would be used eventually. (*See id.* ¶¶ 30, 40–46.)

## Discussion

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Because Defendants' Answer was served more than 21 days before Plaintiff sought to amend, Plaintiff must seek the Court's leave to file the proposed Amended Complaint. Fed. R. Civ. P. 15(a). Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* at 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). At bottom, unfair prejudice to the other party is the most important factor. *Id.* at 1207.

Plaintiff argues that she originally presented all four counts to her former attorney, who decided not to include the proposed counts in the original Complaint.[1]

---

[1] Notably, although Plaintiff's claims are premised on her only income being exempt disability benefits, her proposed new allegations state that she has taken "odd jobs" and has lost "employment" as a result of Defendants' conduct. (*See, e.g.*, Docket No. 44, ¶¶ 30, 46.) Presumably, Plaintiff's former counsel left these facts out of the original Complaint because they potentially undermine Plaintiff's theories of liability.

She further argues that this case effectively began anew when the Court denied Defendants' motion to enforce the repudiated settlement agreement and entered a new scheduling order. Defendants argue that the amendment would be prejudicial because (1) discovery is already well underway and nearing its deadline, and (2) the proposed facts and claims were known to Plaintiff at the time of the original Complaint, and there is no justification for the delay in asserting them.

The Court sees no unfair prejudice to Defendants. Defendants argue that discovery began months ago—but in a more recent filing, Defendants concede that its discovery requests were suspended by the attempted settlement agreement and responses have only recently been produced. (*See* Docket No. 46.) Likewise, Defendants argue that "[t]here were no allegations of wrongdoing by Defendants regarding Plaintiff's credit report" (Docket No. 45, p.5), but this is not entirely true either. Although the original Complaint included no Fair Credit Reporting Act claim, it did allege as a factual matter that Defendants engaged in unlawful credit reporting. (Docket No. 1, ¶¶ 37, 43, 45.) Further, as noted above, Plaintiff's credit-reporting claim incorporates only one new fact—that she filed a dispute with Experian—and it is a fact that should not be particularly burdensome to prove or disprove. And finally, all of the facts used in Plaintiff's negligence theory are already encompassed by the original claims—thereby negating any risk of new and burdensome discovery obligations.

Defendants' undue-delay argument, effectively, is that Plaintiff should be bound by her former attorney's decision not to bring her additional claims in the first place. On the unique facts of this case, the Court disagrees. As was discussed in the Court's

report and recommendation on Defendant's motion to enforce the settlement agreement, Plaintiff's disability appears to have led to substantial communication difficulties with her former attorney. (*See* Docket No. 32.) There is at least some unfairness to Plaintiff in foreclosing her from second-guessing her former attorney's decisions—and in light of the minimal prejudice to Defendant from this particular motion, the balance tips in Plaintiff's favor.

WHEREFORE, for the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion to Amend Complaint (Docket No. 38) be GRANTED. It is further ORDERED that Plaintiff's Proposed Amended Complaint (Docket No. 44) be ACCEPTED FOR FILING.

Date: December 16, 2014           s/ Michael J. Watanabe
      Denver, Colorado            Michael J. Watanabe
                                  United States Magistrate Judge